To: +18658900618    Page: 036 of 774    2025-05-29 10:56:07 GMT    8337403439    From: 18076972631

**FORSTER & GARBUS LLP**
**ATTORNEYS AT LAW**
A LIMITED LIABILITY PARTNERSHIP FORMED IN THE STATE OF NEW YORK

RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Retired

2950 EXPRESS DRIVE SOUTH, SUITE 234
PO BOX 9013
ISLANDIA, NY 11749
(631) 393-9400
FAX (631) 393-9490
TTY (631) 393-8691
TOLL FREE (800) 245-9943

MICHAEL J. FLORIO - Adm. in NY Only

Forster & Garbus LLP NYC Department of Consumer and Worker Protection #2045675

April 30, 2025

JP MORGAN CHASE
700 KANSAS LANE
MONROE, LA 71203

RE: Our File Number: 24-30453
ATLANTIC CREDIT & FINANCE SPECIAL
FINANCE UNIT, LLC A/P/O CITIBANK N.A. vs.
WILLIE L TILLMAN
Original Account Number: XXXXXXXXXXX1010
Judgment Date: September 04, 2015
Original Creditor: ATLANTIC CREDIT & FINANCE
SPECIAL FINANCE UNIT, LLC A/P/O CITIBANK
N.A.

To Whom It May Concern:

Enclosed herewith please find an Information Subpoena with Restraining Notice, a copy of written questions and a prepaid, addressed return envelope. In accordance with CPLR Section 5224, please return the original with the questions duly answered, and sworn to before a notary public, within seven days after receipt. Our normal business hours are Monday through Friday from 8 a.m. to 6 p.m. Eastern Standard Time (EST).

**COVID-19 ADVISORY** — In order to avoid the potential restraint of benefit funds issued under "**The CARES Act**" the Judgment Creditor herein and its attorneys Forster & Garbus, LLP, specifically request that **NO RESTAINT BE PLACED** upon the accounts of the Judgment Debtor(s) if there is any evidence within the of deposits of such funds into the Judgment Debtor(s) accounts.

Additionally, no account of the Judgment Debtor shall be restrained wherein the account(s) in question contains ONLY funds from any of the below:
US Treasury; Stimulus payments, Payroll Protection Plan payments, Social Security payments, Enhanced Unemployment New York State, Unemployment Insurance, Enhanced Unemployment, Disability or Pension Benefits

All other exemptions from Judgment Enforcement pursuant to State and Federal Law shall also apply.

Very truly yours,

Forster & Garbus, LLP

Enclosures
Certified Mail
Return Receipt Requested

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A

Atty File No. 24-30453

To +18000900010          Page 030 of 777          2020-05-20 10:00:07 GMT          0337403430          From 16070972631

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

ATLANTIC CREDIT & FINANCE SPECIAL FINANCE UNIT,
LLC A/P/O CITIBANK N.A

                                                    Plaintiff

-against-

WILLIE L TILLMAN

                                                    Defendant(s)

INFORMATION SUBPOENA
WITH RESTRAINING NOTICE
TO GARNISHEE

Index No. CV-018798-15/KI

WILLIE L TILLMAN
927 E 96TH ST # 2
BROOKLYN NY 11236-2303
SSN: ████████

## The People of the State of New York

**TO:** JP MORGAN CHASE, *Garnishee*
**ADDRESS:** 700 KANSAS LANE
MONROE LA 71203

**WHEREAS**, *in action in the* CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF KINGS *between* ATLANTIC CREDIT & FINANCE SPECIAL FINANCE UNIT, LLC A/P/O CITIBANK N.A., *Plaintiff/Judgment Creditor and* WILLIE L TILLMAN, *Defendant(s)/Judgment Debtor(s) who are all the parties named in said action, a judgment was entered* 9/4/2015 *in favor of Judgment Creditor(s) and against Judgment Debtor(s) in the amount of* $11,737.21 *of which* $11,737.21 *together with interest thereon from 9/4/2015 remains unpaid.*

**NOW, THEREFORE, WE COMMAND YOU**, *that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this subpoena, and that you return the original questions and answers within seven (7) days after your receipt of this subpoena.* The current judgment creditor is ATLANTIC CREDIT & FINANCE SPECIAL FINANCE UNIT, LLC A/P/O CITIBANK N.A..

**FALSE SWEARING OR FAILURE TO COMPLY WITH THIS SUBPOENA IS PUNISHABLE AS A CONTEMPT OF COURT. Where it appears that you owe a debt to the judgment debtor or are in possession or have custody of property in which the debtor interest.**

**TAKE NOTICE THAT,** *pursuant to Section 5222(b) of the Civil Practice Law and Rules, you are hereby* **FORBIDDEN TO MAKE OR SUFFER ANY TRANSFER OR OTHER DISPOSITION OF ANY PROPERTY IN WHICH JUDGMENT DEBTOR(S) HAS OR MAY HAVE ANY INTEREST, OR TO PAY OVER OR OTHERWISE DISPOSE OF ANY MONEYS DUE OR TO BECOME DUE TO JUDGMENT DEBTOR(S),** except as therein provided. I hereby certify that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and Section 601 of the General Business Law and that I have a reasonable belief that the Party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment. *DISOBEDIENCE OF THIS RESTRAINING NOTICE IS PUNISHABLE AS A CONTEMPT OF COURT.*

**DATE:** 04/30/2025

Michael J. Florio, Esq., Joshua Borer, Esq.
Attorney for Judgment Creditor
Forster & Garbus, LLP
2950 Express Dr. S., Suite 234
Islandia, NY 11749
litigation@ag-lawllc.com
Phone: (631) 393-9400

## Section 5222 (b) OF THE CIVIL PRACTICE LAW AND RULES.

**Effect of restraint; prohibition of transfer; duration.** A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer on interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer or, or any interference with, any such order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property of the person to whom the debt is

NY_0306                                        Atty File No. 24-30453

owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that this Restraining Notice shall have no effect upon EXEMPT funds or property as defined by law, rule or statute to include those listed in NY CPLR §§5222(e), 5205(p) and/or 31 C.F.R. §212.2(b)
See next page for additional notices.

## SEE NEXT PAGE FOR QUESTIONS AND ANSWERS

PURSUANT TO CPLR SEC. 5205 (L) $3425.00 ON AN ACCOUNT CONTAINING DIRECT DEPOSITOR ELECTRONIC PAYMENTS REASONABLY IDENTIFIABLE AS STATUTORILY EXEMPT PAYMENTS, AS DEFINED IN PARAGRAPH 2 OF SUBDIVISION (L) OF SECTION 5205 OF THIS ARTICLE, IS EXEMPT FROM EXECUTION AND THAT THE GARNISHEE CANNOT LEVY UPON OR RESTRAIN $3425.00 DOLLARS IN SUCH AN ACCOUNT. PURSUANT TO SUBDIVISION (I) OF SECTION 5222 OF THI ARTICLE, AN EXECUTION SHALL NOT APPLY TO AN AMOUNT EQUAL OR LESS THAN NINETY PERCENT OF THE GREATER O 240 TIMES THE FEDERAL MINIMUM HOURLY WAGE PRESCRIBED IN THE FAIR LABOR STANDARDS ACT OF 1938 OR 240 TIMI THE STATE MINIMUM HOURLY WAGE PRESCRIBED IN SECTION 652 OF THE LABOR LAW AS IN EFFECT AT TIME TI EARNING ARE PAYABLE, EXCEPT SUCH PART AS A COURT DETERMINES TO BE UNNECESSARY FOR THE REASONAB REQUIREMENTS OF THE JUDGMENT DEBTOR AND HIS OR HER DEPENDENTS.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

ATLANTIC CREDIT & FINANCE SPECIAL FINANCE
UNIT, LLC A/P/O CITIBANK N.A.

EXEMPTION CLAIM FORM

*Plaintiff,*

-against-

WILLIE L TILLMAN

*Defendant(s).*

Index No. CV-018798-15/KI
Account No. 24-30453

Address A
Forster & Garbus, LLP
2950 Express Dr. S., Suite 234
Islandia, NY 11749
Phone: 6313939400
Fax #: (631) 393-9490

Address B
JP MORGAN CHASE
700 KANSAS LANE

MONROE, LA 71203

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, pay stubs, copies of checks or bank records showing the last two months of account activity include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds (check all that apply)

- Social Security;
- Supplemental security disability (SSD);
- Supplemental security income (SSI);
- Public Assistance;
- Wages while receiving SSI or public assistance;
- Veterans Benefits;
- Unemployment insurance;
- Payments from pensions and retirement accounts;
- Income earned in the last 60 days (90% of which is exempt);
- Child support;
- Spousal support or maintenance (alimony);
- Workers compensation benefits;
- Railroad retirement or black lung benefits;
- Disability;
- Other (describe exemption)

I request that any correspondence to me regarding my claim be sent to the following address:

(FILL IN YOUR COMPLETE ADDRES

I certify under penalty of perjury that the statement above is true to the best of my knowledge and bel

Date:

SIGNATURE OF JUDGMENT DEBTO

NY_0306

Atty File No. 24-30453

# EXEMPTION NOTICE
## As required by New York Law

## YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt."

### DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?

1. Social Security;
2. Supplemental security disability (SSD);
3. Supplemental security income (SSI);
4. Public Assistance (Welfare);
5. Income earned while receiving SSI or public assistance;
6. Veterans; Benefits;
7. Unemployment insurance;
8. Payments from pensions and retirement accounts;
9. Disability Benefits;
10. Income earned in the last 60 days (90% of which is exempt);
11. Workers' compensation benefits;
12. Child support;
13. Spousal support or maintenance (alimony);
14. Railroad retirement; and/or
15. Black lung benefits.

If YES, you can claim that your money is exempt and cannot be taken. To make the claim you must:
   (a) complete the EXEMPTION CLAIM FORM attached;
   (b) deliver or mail the form to the bank with the restrained or "frozen" account; and
   (c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding thi notice. You may be able to get your account released faster if you send to the creditor or its attorne written proof that your money is exempt. Proof can include an award letter from the government, a annual statement from your pension, pay stubs, copies of checks, bank records showing the last tw months of account activity or other papers showing that the money in your account is exempt. If yo send the creditor's attorney proof that the money in your account is exempt, the attorney must relea that money within seven days. You do not need an attorney to make an exemption claim using the forr